# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

KATHY IRVINE,                   )
          Plaintiff,       )
                         )
v.                           )   No. 09-0682-CV-W-FJG
                         )
CITY OF PLEASANT VALLEY,  )
MISSOURI et al.,          )
          Defendants.    )

# ORDER

Pending before the Court is Defendants' Motion for Partial Judgment on the Pleadings (Doc. No. 8).

Plaintiff is a former employee of the City of Pleasant Valley, Missouri. Plaintiff alleges that she was terminated from employment in retaliation for informing defendants of their potential violations of the Missouri Open Meetings Law. She also alleges violations of the Fair Labor Standards Act, common law wrongful termination in violation of Missouri public policy, and age discrimination pursuant to the ADEA and MHRA.

Defendants seek judgment on the pleadings, pursuant to Fed. R. Civ. P. 12(c), as to Count I of plaintiff's complaint, which alleges a "Violation of R.S.Mo. § 610.028(3)." See Doc. No. 1, Ex. 5, p. 3. Section 610.028(3) provides "No person who in good faith reports a violation of the provisions of sections 610.010 to 610.030 is civilly liable for making such report, nor, if such person is an officer or employee of a public governmental body, may such person be demoted, fired, suspended, or otherwise disciplined for making such report." Defendants note that a violation of a statute does not create a private cause of action unless the legislature expressly intends to do so. See Johnson v. Kraft General Foods, Inc., 885 S.W.2d 334, 335-36 (Mo. banc 1994). Here, defendants note, the Missouri Open Meetings Law contains an enforcement section that excludes violations of § 610.028(3). Section 610.027 indicates that "any aggrieved person . . . may seek judicial

enforcement of the requirements of sections 610.010 to 610.026." Defendants argue that because the Missouri Open Meetings Law does not express a legislative intent to create a private cause of action for violations of § 610.028(3), Count I of plaintiff's complaint fails to state a claim upon which relief can be granted.

Plaintiff argues in her response that defendants' motion ignores the common law maxim that where there is a right, there is a remedy. See State ex inf. Ashcroft v. Kansas City Firefighters Local No. 42, 672 S.W.2d 99, 109 (Mo. App. W.D. 1984)(citing the Restatement (Second) of Torts § 874A (1977), which provides that where a legislative provision protects a certain class of persons without providing a civil remedy, the courts may accord an injured member of that class of persons a right of action, "using a suitable existing tort action or a new cause of action analogous to an existing tort action.") However, the Court agrees with defendants that plaintiff has already asserted the appropriate existing tort action in Count III of her complaint; plaintiff's claim for wrongful termination in violation of Missouri public policy is broad enough to include plaintiff's claim that she was terminated for making the sort of report contemplated by R.S.Mo. § 610.028(3).

Therefore, the Court agrees with defendant that Count III is duplicative of Count I, and as there is no separate statutory basis for bringing the claim in Count I of the complaint, Count I of plaintiff's complaint (see Doc. No. 1, Ex. 5) shall be **DISMISSED**. Defendants' motion for partial judgment on the pleadings (Doc. No. 8) is **GRANTED**.

**IT IS SO ORDERED.**

                                       /s/  FERNANDO  J.  GAITAN,  JR.
                                        Fernando J. Gaitan, Jr.
                                        Chief United States District Judge

Dated:___12/11/09___.
Kansas City, Missouri.

Case 4:09-cv-00682-FJG   Document 11   Filed 12/11/09   Page 2 of 2