IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

KATHY IRVINE, )
)
       Plaintiff, )
)
  vs. ) No. 09-0682-CV-W-FJG
)
CITY OF PLEASANT VALLEY, )
MISSOURI, et al., )
)
       Defendants. )

## ORDER

Pending before the Court is Defendants' Motion for Partial Judgment on the Pleadings (Doc. No. 21).

Plaintiff is a former employee of the City of Pleasant Valley, Missouri. Plaintiff alleges that she was terminated from employment in retaliation for informing defendants of their potential violations of the Missouri Open Meetings Law. She alleges violations of the Fair Labor Standards Act, common law wrongful termination in violation of Missouri public policy, age discrimination, sex discrimination, and retaliation.

Defendants seek judgment on the pleadings, pursuant to Fed. R. Civ. P. 12(c), as to Count III of plaintiff's complaint, which alleges a claim for wrongful termination in violation of Missouri public policy. See Doc. No. 1-5. Defendants indicate that the doctrine of sovereign immunity bars plaintiff's wrongful termination claim against the City of Pleasant Valley. Defendants further indicate that Missouri common law does not recognize a wrongful termination case against elected officials in their individual capacity, so that the

claims in Count III against defendants Wheeler, Bolinger, Hershberger, Maroon, Ammon, Donnini, Huey, and Smith must also be dismissed.

## I. STANDARD

The standard of review for a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) is the same as that for a motion to dismiss under Rule 12(b)(6). The Supreme Court recently clarified the standard to be used in Rule 12(b)(6) motions. In <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), the Supreme Court rejected the "no set of facts" language from <u>Conley v. Gibson</u>, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The Court stated:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . .

<u>Id.</u> at 1964-65 (internal citations and quotations omitted). The Court went on to note that, "of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." <u>Id</u>. at 1965 (internal citations and quotations omitted). The Court emphasized that "we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face. Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, the complaint must be dismissed." <u>Id.</u> at 1974.

2

## II. DISCUSSION

**A.     Sovereign Immunity**

Defendants asserts that pursuant to the doctrine of sovereign immunity, public entities in the State of Missouri are protected from tort liability.  See R.S.Mo. § 537.600.  Defendants state that municipal liability is an exception to the general rule of immunity from tort actions, and plaintiffs must specifically allege facts showing that an exception applies.  Defendants state that plaintiff has failed to allege facts demonstrating that an exception applies.

In response, plaintiff notes that one exception to the doctrine of sovereign immunity is when a municipality has procured liability insurance.  See Kunzie v. City of Olivette, 184 S.W.3d 570, 574 (Mo. banc 2006).  Plaintiff states that in the pending matter, defendant has acknowledged that it maintains insurance coverage, but has not provided Ms. Irvine with a copy of the city's coverage policy in order to determine if coverage exists for plaintiff's wrongful termination claim.  See plaintiff's response, Doc. No. 23, p. 2.  Thus, plaintiff seeks more time to allow her to determine if an exception to sovereign immunity exists.

In their reply, defendants state that because plaintiff did not plead the existence of insurance (or any other waiver of sovereign immunity) in her Second Amended Petition, the Court should not consider possibility of insurance when ruling on this motion to dismiss.  However, the City states that, "if this Court is inclined to deny the City's motion in the spirit of fairness so the parties can explore the insurance issue, the City will simply place the insurance policy in the record during summary judgment briefing."  See Doc. No. 24, p. 1.

The Court finds that this issue would better be raised in summary judgment briefing. Therefore, rather than ruling on defendant's motion at this time, the Court finds that the better course is to **PROVISIONALLY DENY** defendant's Motion for Partial Judgment on the Pleadings (Doc. No. 21) as to this issue. See McDonald v. City of Kansas City, Missouri, 2009 WL 1707695, *2 (W.D. Mo. June 18, 2009). Plaintiff shall file a motion to amend her complaint to assert waiver of sovereign immunity on or before **APRIL 26, 2010**.[1] If necessary, the defendant may then raise the issue of sovereign immunity in a subsequent motion for summary judgment.

**B.    Liability of Individual Defendants**

Defendants further seek to dismiss plaintiff's wrongful termination claims as to defendants Wheeler, Bolinger, Hershberger, Maroon, Ammon, Donnini, Huey, and Smith, who are or were members of Pleasant Valley's Board of Aldermen. Defendants state that these claims fail because a cause of action for wrongful termination can only be brought against employers, and an individual who is not an employer cannot be liable for a claim for wrongful termination. See Criswell v. City of O'Fallon, Mo., 2007 WL 1760744, *6 (E.D. Mo. June 15, 2007); Genasci v. City of O'Fallon, Mo., 2008 WL 3200812, *5 (E.D. Mo. August 6, 2008); Taylor v. St. Louis County Board of Election Commissioners, 2009 WL 1176298, *15 (E.D. Mo. April 30, 2009). Defendants further note that while the Missouri Supreme Court has recently ruled that individuals could be held individually liable on claims brought under the Missouri Human Rights Act (MHRA), R.S. Mo. § 213.010, et seq., the

---

[1]The Court notes that the deadline for filing motions to amend pleadings was April 1, 2010. See Scheduling and Trial Order, Doc. No. 18, pp. 1 and 3. Therefore, plaintiff is granted leave to file motion for leave for file amended complaint only to add the insurance exception to the doctrine of sovereign immunity.

4

Missouri Supreme Court came to this decision because of the statutory definition of "employers" under the MHRA. See Hill v. Ford Motor Co., 277 S.W.3d 659, 669 (Mo. banc. 2009)(noting that "employers" under the MHRA are defined as "any person directly acting in the interest of an employer," R.S.Mo. § 213.010.7, and "the statute is clear that the MHRA is intended to reach not just the corporate or public employer but any person acting directly in the interest of the employer. A supervisory employee clearly falls into that category."). Defendants state that in plaintiff's common-law wrongful discharge claim, no statutory authority authorizes suit against the individual defendants, and no cases to-date in Missouri have recognized a common-law claim against individual defendants.

In her response, plaintiff argues that the holding in Hill v. Ford Motor Co. should not be limited to cases involving the Missouri Human Rights Act. Instead, plaintiff argues that the Hill Court recognized that the intent of the Missouri legislature in enacting the MHRA was to extend liability beyond "just the corporate or public employer but any person acting directly in the interest of the employer." Hill, 277 S.W.3d at 669. Plaintiff states that both MHRA claims and common-law wrongful termination claims are recognized exceptions to the employment at will doctrine in the State of Missouri, and that recognizing individual liability for common-law wrongful termination claims would be consistent with the Hill Court's opinion. Plaintiff further notes that certain states other than Missouri have extended liability for wrongful termination cases to individuals in addition to employers.

After reviewing the parties' briefs and the applicable law, the Court finds that defendants' motion to dismiss should be **GRANTED** as to this issue. The Court agrees with defendants that the holding in Hill v. Ford Motor Co. regarding individual liability is limited to a statutory interpretation issue regarding the MHRA. As plaintiff's claims for

wrongful termination in Count III of her complaint fall under the common law and not the MHRA, Hill is inapposite. No Missouri cases extend liability in wrongful termination cases to individuals, and this Court is not inclined to create new law to support plaintiff's cause of action. Therefore, defendants' motion to dismiss the claims in Count III as to defendants Wheeler, Bolinger, Hershberger, Maroon, Ammon, Donnini, Huey, and Smith is **GRANTED.**

### III.  CONCLUSION

Therefore, for the foregoing reasons, defendants' motion for partial judgment on the pleadings (Doc. No. 21) is **PROVISIONALLY DENIED IN PART** as it relates to sovereign immunity and **GRANTED IN PART** as it relates to the claims in Count III against defendants Wheeler, Bolinger, Hershberger, Maroon, Ammon, Donnini, Huey, and Smith. To the extent that plaintiff wishes to plead the existence of an exception to the doctrine of sovereign immunity, plaintiff's motion for leave to file an amended complaint must be filed on or before **April 26, 2010.**

**IT IS SO ORDERED.**

    /s/ FERNANDO J. GAITAN, JR.
Fernando J. Gaitan, Jr.
Chief United States District Judge

Dated: __04/21/10__.
Kansas City, Missouri.